ORDER
FORDHAM, JUDGE:
An application of the claimant, Connie Mahon Ooten, for an award under the West Virginia Crime Victims Compensation Act, was filed March 10, 2003. The report of the Claim Investigator, filed September 30, 2003, recommended that an award be granted. An Order was issued on October 30, 2003, taking exception to the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed November 25, 2003. This matter came on for hearing December 9,2005, Charles Stanford West appearing on behalf of the claimant, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On July 7, 2001, the claimant, age 38, was the victim of criminally injurious conduct in Cora, Logan County. Ms. Ooten was walking on the side of the road in Cora when she was struck from behind by a vehicle driven by the alleged offender, Clifton Amburgey. Mr. Amburgey left the scene of the accident and was arrested approximately one month later.
This Court’s initial denial of an award was based on the finding that the crime did not fall into any of the four exceptions that relate to the use of a motor vehicle as provided by W.Va. Code § 14-2A-3(c). The offending driver was charged with leaving the scene of an accident. The law in effect at the time, W. Va. Code §14-2A-3(c) stated, in part: “Criminally injurious conduct does not include conduct arising out of the
owership, maintenance or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death, or except when the person engaging in the conduct committed negligent homicide, driving under the influence of alcohol, controlled substances or drugs, or reckless driving.”
The claimant testified at the hearing of this matter that on the night in question, she had been at a bar and after leaving was standing next to the road talking to a friend when a vehicle driven by Clifton Amburgey struck her from behind and left the scene. She stated that she was knocked unconscious and that she suffered a brain injury and injuries to her legs, hip, back, and face. Ms. Ooten testified that Mr. Amburgey later pled guilty to leaving the scene of an accident resulting in injury. Ms. Ooten also stated that there were witnesses to the accident who were of the opinion that the offender was driving while intoxicated when his vehicle struck her.
The Claim Investigator’s original finding was that the victim was an innocent victim of crime as contemplated by the Crime Victim’s Compensation Act. The original Order reversed the finding of the Claim Investigator and denied the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that she met one of the exceptions relating to the use of a motor vehicle. The Court is of the opinion that she did not meet this burden. There was no evidence presented at trial that this accident should fall into one of the four exceptions involving the use of a motor vehicle. Since there was no evidence presented that the claimant was a victim of an accident which is covered by the statute, the Court must deny this claim.
The Court is constrained by the evidence in this veiy tragic case to stand by its previous ruling; therefore, the claim must be, and is hereby, denied.